# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| MATTHEW M. CADDY, | : | |
| Petitioner, | : | Case No. 3:07CV0339 |
| vs. | : | District Judge Thomas M. Rose |
| | | Magistrate Judge Sharon L. Ovington |
| STATE OF OHIO, | : | |
| Respondent. | : | |

## REPORT AND RECOMMENDATIONS[1]

Petitioner, Matthew Caddy seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This case is presently before the Court upon one Ground for Relief set forth in Caddy's Petition (Doc. #1), Respondent's Answer (Doc. #8), Petitioner's Memorandum of Fact (Doc. # 12) and the record as a whole.

## I. PROCEDURAL HISTORY

### A. STATE CONVICTION

On September 23, 2004, a Montgomery County Grand Jury issued an indictment charging Caddy with one count of gross abuse of a corpse and one count of possession of criminal tools. (Doc. #8, Exhibit 1). Caddy, through counsel, entered a plea of not guilty on all charges. On November 9, 2004, Caddy executed a waiver of time requirements,

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

waiving his statutory right to trial within 90 days. (Doc. #8, Exhibit 2). After an investigation was completed, Caddy was indicted on May 12, 2005, for an additional charge of reckless homicide. (Doc. #8, Exhibit 3). On May 17, 2005, Caddy executed another waiver of time requirement limited to one week. (Doc. #8, Exhibit 4). The case went to jury trial, and on the end of the first day Caddy withdrew his original plea of not guilty and entered a plea of no contest to all three charges. (Doc. #8, Exhibits 5, 6 and 7). On September 19, 2005, Caddy was sentenced to five years incarceration for reckless homicide to be served consecutive with one year for gross abuse of a corpse and concurrently with eight months for possession of criminal tools, for a total sentence of six years. (Doc. #8, Exhibit 8).

      **B.**     **DIRECT APPEAL**

Represented by new counsel, Caddy timely appealed his conviction and sentence to the Second District Court of Appeals, Montgomery County, Ohio. (Doc. #8, Exhibit 9). Caddy set forth the following assignments of error:

1. The trial court erred when it denied defendant-appellant's motion to dismiss the charge of reckless homicide based on defendant-appellant's constitutional rights.

2. The trial court erred when it imposed maximum sentences on the defendant-appellant.

3. The trial court erred when it imposed consecutive sentences on the defendant-appellant.

(Doc. #8, Exhibit 10, Caddy's Brief). The State filed a brief in response (Doc. #8, Exhibit 11), to which Caddy replied. (Doc. #8, Exhibit 12).

On August 11, 2006, the Court of Appeals remanded Caddy's case for resentencing consistent with *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856. (Doc. #8, Exhibit 13).

On September 9, 2006, Caddy, through counsel, appealed to the Ohio Supreme Court. (Doc. #8, Exhibit 14). Caddy raised the following proposition of law:

> 1. Mere conclusions of law and undocumented investigation does not rise to new and additional facts unknown to the State at the time of the original indictment such that the State, in issuing a second indictment, is not subject to the speedy-trial limits of an original indictment.

(Doc. #8, Exhibit 15). On January 24, 2007, the Ohio Supreme Court denied Caddy leave to appeal and dismissed the appeal as not involving any substantial constitutional question. (Doc. #8, Exhibit 17).

Meanwhile, on September 21, 2006, a resentencing hearing was held in the Montgomery Common Pleas Court, in the manner prescribed by law. The trial court sentenced Caddy to serve the same terms of incarceration as his original sentence. (Doc. #8, Exhibit 18).

### C. FEDERAL HABEAS CORPUS

Caddy, *pro se*, filed the instant petition for a writ of habeas corpus on and asserted the following ground for relief:

**GROUND ONE**: Speedy Trial

**Supporting Facts**: This case involves a fundamental civil right guaranteed by both

3

State and Federal Constitution and Ohio Revised Code 2945.71(C).

## II.     FACTUAL BACKGROUND

The Montgomery County Court of Appeals, Second Appellate District of Ohio, set forth the facts of this case on Petitioner's direct appeal:

> This matter is before the Court on the Notice of Appeal of Matthew Morgan Caddy ("Caddy"), aka Stephen Lee McFarland, filed September 23, 2005. On August 31, 2004, the Dayton Police forced entry into Caddy's residence at 88 Pioneer Street, in Dayton, Ohio after they learned that Caddy admitted, at the office of a local attorney, to killing someone there. In the basement of Caddy's home, officers found a shovel, a shallow grave, a bag of lime, and the handcuffed, decomposing body of Daniel Everson. The body revealed no obvious signs of trauma. On September 23, 2004, a Montgomery County Grand Jury indicted Caddy on one count of gross abuse of a corpse, in violation of R.C. 2927.01(B), and one count of possessing criminal tools, in violation of R.C. 2923.24(A). Bail was set at $500,000.00. On November 9, 2004, Caddy executed a Waiver of Time Requirements, waiving his statutory right to trial within 90 days. Also in November, 2004, the Coroner's office issued a report and death certificate indicating that Everson died as the result of a homicide. Specifically, Everson died of acute renal failure due to extensive soft tissue blunt force injuries.
>
> A police investigation into Everson's death continued until May, 2005. During the investigation, Detective Daryl Smith learned that Everson arrived in Dayton on August 8, 2004 after leaving his home in Minnesota and traveling to Bennetsville, South Carolina, and Coshocton and Zanesville, Ohio. Smith obtained Everson's medical records and interviewed his family members to determine if Everson had a pre-existing kidney condition, and he also interviewed people Everson visited en route to Dayton, to determine if Everson suffered blunt force injuries prior to his arrival here. Blood and soil samples from Caddy's home were submitted for DNA analysis, and information on Caddy's computer was also submitted to a computer forensics analyst. Information on Caddy's computer revealed that he and Everson had

4

entered into a master and slave relationship in which Everson was the slave. Everson "was to submit to physical torture * * * in the form of [b]eatings and rough sex" at Caddy's whim. (Doc. #8, Exhibit 13, pp. 1-3).

III.  ANALYSIS

To the extent a petitioner's argument is based upon state law, the petitioner has failed to state a claim upon which federal habeas corpus relief may be granted. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Phillips v. Million*, 374 F.3d 395, 397 (6th Cir. 2004). *Norris v. Schotten*, 146 F.3d 314, 328-29 (6th Cir. 1998) (state law speedy trial claim). The Ohio Court of Appeals' decision was based entirely on state statutory requirements and considerations. This Court must defer to and is bound by the state court's ruling that Ohio's speedy trial statute was not violated in this case. *See Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"); *Warner v. Zent*, 997 F.2d 116, 133 (6th Cir. 1993) (absent a showing of "extreme circumstances where it appears that the [state court's] interpretation of [state law] is an obvious subterfuge to evade consideration of a federal issue," the federal habeas court is bound by the state court's determination of state law) (quoting *Mullaney v. Wilbur*, 421 U.S. 684, 690-91, 95 S.Ct. 1881, 44 L. Ed. 2d 508 (1975)), *cert. denied*, 510 U.S. 1073, 114 S. Ct. 883, 127 L. Ed. 2d 78 (1994). Moreover, a violation of the state speedy trial statute does not present a federal constitutional claim. *See Hutchison v. Marshall*, 744 F.2d 44,45-47 (6th Cir. 1984), *cert. denied*, 469 U.S. 1221, 105 S. Ct. 1208, 84 L. Ed. 2d 350 (1985); *see also Norris v.*

5

*Schotten*, 146 F.3d 314, 329 (6th Cir. 1998), *cert. denied*, 525 U.S. 935, 119 S. Ct. 348, 142 L. Ed. 2d 287 (1998). Thus, to the extent that petitioner alleges a violation of the Ohio Speedy Trial Act, his claim raises an issue of state law only that is not cognizable in this federal habeas corpus proceeding. 28 U.S.C. § 2254(a); *Pulley v. Harris* 465 U.S. 37,41, 104 S. Ct. 871, 79 L. Ed. 2d 29 (1984).

This Court may review petitioner's claim only to the extent he contends he was denied his right to a speedy trial guaranteed by the Sixth Amendment of the United States Constitution. Respondent maintains that a Petitioner did not fairly present a federal speedy trial claim in state court and therefore his present claim is procedurally defaulted. (Doc. # 8 at 7).

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies..., thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004)(internal citations and punctuation omitted). "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court..., alerting that court to the federal nature of the claim." *Reese*, 541 U.S. at 29 (citations omitted).

To fairly present federal claims in the Ohio courts, a petitioner must raise the substance of them in direct or delayed appeals to the Ohio Court of Appeals and the Ohio Supreme Court. *Clinkscale v. Carter*, 375 F.3d 430, 437 (6th Cir. 2004); *see also Fields v.*

6

*Bagley*, 275 F.3d 478, 482-83 (6th Cir. 2001). Regardless of which avenue of appeal a convicted defendant takes, he must properly raise federal constitutional claims in both the Ohio Court of Appeals and the Ohio Supreme Court. "'[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.'" *Williams v. Bagley*, 380 F.3d 932, 967 (6th Cir. 2004)(quoting *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999)).

If a federal habeas petitioner fails to fairly present his federal claims to the state courts and if a state procedural rule bars the petitioner from receiving in the state court a merits review of the federal claims, then the petitioner's procedural default may result in a waiver of the claims for purposes of federal habeas review. *See Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004); *see also Buell v. Mitchell*, 274 F.3d 337, 349 (6th Cir. 2001).

In Petitioner's first claim for relief, he claims that his speedy trial rights were violated. The state appellate court found that his Ohio statutory speedy trial rights were not violated. (Doc. # 8, Exhibit 13, pp.3-5). In *Blackmon v. Booker*, 394 F.3d 399 (6th Cir. 2004), the Court held that general allegations of the denial of constitutional rights do not "fairly present" claims that specific constitutional rights were within the presentation of other non-constitutional arguments.

None of Petitioner's state court filings mention a federal constitutional right nor do

they cite any federal case law. The record is simply devoid of any federal claim made in the state court. The Court therefore concludes that Petitioner failed to fairly present his federal speedy trial claim to the Ohio courts. See *Baldwin v. Reese,* 541 U.S. 27, 124 S. Ct. 1347, 158 L. Ed. 2d 64, --, 541 U.S. 27, 124 S.Ct. 1347, 1351, 158 L. Ed. 2d 64 (2004)(a petitioner has fairly presented his claim "by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal'").

The conclusion that Petitioner's sole ground for relief is not cognizable and was not fairly presented in the state court is not debatable among jurists of reason. Consequently, a certificate of appealability should not issue.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Matthew M. Caddy's Petition for a Writ of Habeas Corpus (Doc. #1) be DENIED and DISMISSED;

2. A certificate of appealability under 28 U.S.C. §2253(c) not issue; and

3. The case be terminated on the docket of this Court.

May 18, 2010

    s/ Sharon L. Ovington
    Sharon L. Ovington
    United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).